

**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| Tiffany N. Wylie, | * | Case No.: 17-13770 MMH |
| | * | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER ADDRESSING MOTION TO CONTEST INELIGIBILITY FOR DISCHARGE**

The above-captioned matter was commenced by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on March 17, 2017 [ECF 1], and was subsequently converted to a case under chapter 7 on April 25, 2018 [ECF 27]. This matter was brought to the Court's attention by a Motion for Miscellaneous Relief [ECF 37] filed by the Debtor contesting the Notice that Debtor is Ineligible for Discharge [ECF 30]. Pursuant to 11 U.S.C. § 727(a)(8), the Court shall not grant a discharge if the Debtor has received a discharge in a case filed under chapter 7, 11, 12, or 13 within the period of time specified under the Bankruptcy Code. The relevant time period here is "8 years before the date of the filing of the petition" in this case. 11 U.S.C. § 727(c)(8).

The Debtor was granted a discharge in her previous chapter 7 case, Case No. 10-14810, which was commenced on March 8, 2010. The 8 year period referenced above begins to run as of the date that the first case is commenced, and ends as of the date that the subsequent case is filed. As such, the

relevant dates in this matter are March 8, 2010 and March 17, 2017.  The conversion of the Debtor's second case to one under Chapter 7 of the Bankruptcy Code on April 25, 2018 does not effect a change in the date of the filing of the second case. *In re Capers*, 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006). Accordingly, it is, by the United Stated Bankruptcy Court for the District of Maryland

    **ORDERED**, that the Debtor shall have 14 days from the date of this Order to file a Motion or a Request for a Hearing to demonstrate her eligibility for a discharge based on the appropriate calculation rules under  11 U.S.C. § 727(a)(8); and it is further

    **ORDERED**, that if the Debtor does not file a timely Motion or Request for a Hearing, the Court may deny the Motion for Miscellaneous Relief [ECF 37] without further Notice or Order of this Court.

cc:    Debtor
        Debtor's counsel
        Trustee
        U.S. Trustee

**END OF ORDER**

*(kgoodwin).*